## CHARLES BLASEY *et al.*

*v.*

## WILLIAM DELIUS.

ALTERATION OF DEED — *clear proof required.* A certified copy of a mort-gage, the original being lost, can not be impeached on the ground of an altera-tion of the original, before recording, by inserting a release of the homestead right, except upon clear and convincing evidence. In the absence of such proof it will be presumed that the copy is a precise transcript of the original as it was executed and recorded.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.

This was a bill in equity filed by William Delius against Charles Blasey and Margaret Blasey, his wife, to foreclose a mortgage.

Mr. B. F. PARKS and Mr. A. G. McDOLE, for the appellants.

Messrs. BROWN & SOUTHWORTH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill to foreclose a mortgage on real estate, given to secure a debt of $3,400. On a hearing in the court below a decree was rendered in conformity with the prayer of the bill, and the defendants appeal to this court and ask a reversal.

It appears from the evidence that a notary public drew a mortgage containing a power of sale ; but when the parties came to execute it Blasey objected to its containing that clause, and destroyed it. The notary then drew another, omitting that clause, which was executed and recorded. Of these facts there seems to be no dispute. On the trial; proof of the loss of the original was made, and a duly certified copy from the record of mortgages was read in evidence. From this copy it appears that there was in the body of

the instrument a clause releasing the right to claim a homestead in the premises, and the officer certifies in the acknowledgment that they, the grantors, had released their homestead right. It is now claimed that the mortgage, after it was acknowledged, was altered so as to release the homestead, and then recorded. That when executed it contained no such release. This was the defense on the hearing below, and is the ground urged in this court for a reversal.

A careful examination of the evidence in the record shows a total failure of the defense. There is no witness that testifies to the fact, or to facts that overcome the almost conclusive evidence afforded by the copy of the instrument, that it is as the instrument was executed. Mrs. Blasey does not claim that she read the mortgage, but insists she did not know its contents, and that she would not have executed it had she known it contained a release of homestead rights. Blasey does testify that he read the mortgage, but he does not say that it contained no such release.

Nichols says he explained to Mrs. Blasey the contents and nature of the instrument. He and the mortgagees deny all effort to impose upon or defraud her in its execution. In fact, we find no evidence tending to overcome the presumption that the mortgage was executed precisely as shown by the certified copy. Blasey in his testimony says the property was worth very largely more than the mortgage, and if so, we can well understand why he would object to give a power of sale, as it might lead to great sacrifice and loss on its being sold without redemption; but, if he is correct in his estimate of its value at that time, he of course did not expect that he would be compelled to lose the property on a sale with redemption, as he could sell, redeem, and have a large surplus left. Hence, he would be indifferent as to the release of the right to retain a homestead.

Again, one of the mortgagees swears that the Minkler house was left out, so that, if the property should not be redeemed, appellants would have a home, and that he so said to Mrs. Blasey at the time the transaction was consum-

mated. Nor is this evidence in anywise contradicted or impeached. The entire evidence in the record fails to impeach or even raise a suspicion of the fairness of the transaction. Even the evidence of appellants, when considered without reference to the testimony adduced by appellee, does not overcome the presumption that the copy of the mortgage is a precise transcript of the original as it was executed and delivered.

If Blasey is not mistaken as to the value of the property at the time, no possible motive is perceived for the Deliuses to commit such a forgery. According to his estimate they were amply secured without a release of the right of homestead, and there could have been no sufficient motive to induce the commission of the crime, even if there were no other considerations preventing it.

An instrument of this character can only be impeached on clear and convincing evidence. In this case there is not such testimony, but an entire want of it. Here is a mortgage executed and recorded, with a release of homestead, notice to Blasey as well as all others, and the evidence fails to show that he ever claimed that there was any change in the mortgage until it comes to be foreclosed, which would indicate that this is but an afterthought.

The evidence fully sustains the decree rendered by the court below, and it must be affirmed.

*Decree affirmed.*